## BODENSTEIN et al. v. SAUL.

(Supreme Court, Appellate Division, First Department. June 4, 1909.)

1. INJUNCTION (§ 143*)—TEMPORARY WRIT—EX PARTE ORDER.

Under Code Civ. Proc. § 602, the Special Term has power to grant ex parte an injunction pendente lite.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 315; Dec. Dig. § 143.*]

2. MORTGAGES (§ 413*)—RESTRAINING FORECLOSURE OR ASSIGNMENT.

The fact that the mortgagor is ready and willing to pay the mortgage does not entitle him to an injunction to prevent assignment or foreclosure of the mortgage, without previous notice to the mortgagee of such willingness and a tender of the amount due.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1187–1201; Dec. Dig. § 413.*]

3. INJUNCTION (§ 165*)—MOTION TO VACATE—WHO MAY MAKE.

A person to whom a temporary restraining order and notice to show cause was addressed, but who was not a party to the action, has no authority to appear and move to vacate such order.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 351, 352; Dec. Dig. § 165.*]

4. INJUNCTION (§ 183*)—REINSTATEMENT—VACATING PREVIOUS ORDER.

An ex parte order by a judge, out of court, vacating a previous order made in court, on motion of the opposite party, and reinstating an injunction pendente lite, is void.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 394; Dec. Dig. § 183.*]

5. APPEAL AND ERROR (§ 113*)—APPEALABLE ORDERS—VACATION OF VOID ORDER.

No appeal lies from an order vacating a void order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 780; Dec. Dig. § 113.*]

Appeal from Special Term, New York County.

Action by David Bodenstein and another against Sarah Saul. From an order vacating an order, plaintiffs appeal. Appeal dismissed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Louis Cohen, for appellants.
Marcus E. Joffe, for respondent.

INGRAHAM, J. The record on this appeal presents a remarkable collection of orders, all made ex parte, except the order appealed from, which seems to have been made after hearing the attorneys for the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff and the defendant. It appeared that the plaintiffs executed a mortgage to the defendant to secure the payment of $500 on the 1st day of May, 1908, and $500 on the 1st day of November, 1908, which covered real property in the city of New York and was duly recorded; that the installment payable on the 1st day of May, 1908, was paid, and on the 1st of November, 1908, when the balance of the principal became payable, the plaintiffs were able, ready, and willing to pay to the defendant the sum of $500 and interest upon the return and delivery by the defendant to the plaintiffs of the bond and mortgage and of a satisfaction piece thereof, which satisfaction piece the plaintiffs caused to be prepared and delivered to the defendant, but that the defendant wholly failed to deliver said bond, mortgage, and satisfaction piece, assigning as reasons therefor that the said bond and mortgage had been lost. Upon this complaint, and an affidavit of the plaintiff's attorney, which stated that the defendant was a resident of Atlanta, Ga., the plaintiffs applied for and obtained from the Special Term an order enjoining and restraining the defendant from selling, assigning, transferring, or making any other disposition of the aforesaid bond and mortgage, or from commencing any action or actions on said bond and mortgage, and requiring the chamberlain of the city of New York to receive from the plaintiffs the sum of $515 and to hold the same subject to the order of the court, and requiring the register of the county of New York to receive a notice, a copy of which was said to be annexed to the order, although no copy appears in the record, and requiring the defendant or her attorney or attorneys in fact to show cause at a Special Term of the court on the 28th of January, 1909, why the injunction thereby granted should not be continued pendente lite, and providing that a copy of the order be served on the attorney in fact of the above defendant on or before the 25th of January, 1909.

The Special Term undoubtedly had the power to grant ex parte an injunction pendente lite, and so far as this order granted an injunction it was regular. Section 602, Code of Civil Procedure. There would seem to be no particular objection to the plaintiffs paying their money into court if they so desired; but why the court ex parte should order the register to receive a paper annexed to the order is not apparent. On the complaint, however, the plaintiff was not entitled to the injunction granted. The fact that the plaintiffs were able, ready, and willing to pay the bond and mortgage could not affect the defendant's right, so long as that ability and willingness were not communicated to the defendant, and no tender of the amount due on the bond and mortgage was made. The attorney for the defendant, having ascertained that this injunction had been granted, on the 29th of January applied to the Special Term and obtained ex parte an order which was also duly entered. This order recited that an order had been granted on the 23d of January, 1909, directing one Scheff, the attorney in fact for the defendant, to show cause why an injunction order should not be granted pendente lite restraining him from selling, assigning, or transferring the bond and mortgage referred to in the order, and that it appeared by the affidavit of said Scheff that the terms of the order had not been complied with, in that it was not served on him on or

before January 25, 1909, and on motion of Marcus E. Joffe, the attorney for said Scheff, who appeared specially for this motion, it was ordered:

"That the motion be and the same hereby is denied, and the order be and the same hereby is vacated and set aside, without costs."

Scheff was not a party to the action, and had no authority to make a motion in the action. An order had been entered which restrained the defendant from disposing of or foreclosing this mortgage. It was irregular for Scheff to make any motion in the action. The order was not made on the return day of the order to show cause, but was made upon the day following, and was ex parte. It denied the plaintiffs' motion at a term of the court at which there was no motion returnable, where neither the defendant nor Scheff had been required to appear, and was made on application of a person not a party to the action, with no authority to move, and without notice to the plaintiffs or their attorney. The plaintiffs' attorney, having ascertained that this order had been granted, applied to the justice who had presided at Special Term at which these two orders had been granted, upon his affidavit, which stated that he had obtained the order of the Special Term of the 23d of January which required it to be served on Scheff, the attorney in fact for the defendant, on or before the 25th day of January, 1909; that by reason of his professional engagements and the accumulation of work on the table of his stenographer and typewriter, and owing to the lateness of the hour, she was unable on the 25th of January, 1909, to make personal service on said Scheff, but that on the morning of the 26th of January, 1909, she did make personal service of said papers upon the party to whom the same were directed; that the motion came regularly on the motion calendar of the Special Term on January 28, 1909, when one M. E. Joffe, an attorney at law (the attorney upon whose application the order of January 29th was granted), appeared and made objection for said Scheff upon the ground of the failure on the part of the plaintiffs to make service upon Scheff within the time directed by the order; that the plaintiffs' attorney thereupon withdrew the motion and made application to Mr. Justice Erlanger for an order amending the original injunction order solely and only as to the return day thereof and the day of service, which order was granted, making such motion returnable on February 2, 1909, and directing the papers to be served on said Scheff on or before February 1, 1909; that diligent efforts had been made to serve said papers, but that said Scheff had evaded the service of the same; that subsequently Mr. Justice Platzek had made an order amending said return day and service day, upon which the plaintiffs, simultaneously with the application for the order, will apply for an order that service be made upon said Scheff other than personal service. Upon that affidavit, Mr. Justice Erlanger, on February 8, 1909, made a judge's order, which ordered:

"That the said order so made by me in the above-entitled action on the 29th day of January, 1909, and entered in the office of the clerk of this court on said day, be and the same is hereby vacated and set aside, and the injunction order as granted herein on January 23, 1909, be and the same is reinstated, with the same force and effect as though the order hereby va-

cated had not been made, together with $10 costs to be paid by the said Jonas S. Scheff."

It is quite evident that. this was irregular. . A judge out of court has no power to vacate an order of the court which denied a motion to continue an injunction and which vacated an order of the court and granting an injunction. It was made without notice to Mr. Joffe, upon whose motion the order which was attempted to be vacated had been granted. It was not entered as an order of the Special Term, and it could have no effect upon either of the orders of the Special Term which had been granted ex parte.

Subsequently, on the 15th of February, the plaintiffs' attorney and Mr. Joffe, it does not exactly appear how, were before a Trial Term of the Supreme Court presided over by the justice who had entered the original order. There were then before the court two affidavits, one by Scheff, verified on January 27, 1909, in which he says that he appeared specially for the purpose of a preliminary objection to the motion; that on January 23, 1909, an order was made by Mr. Justice Erlanger requiring the deponent, as attorney in fact for the defendant, to show cause why the injunction order should not be granted pendente lite, the order providing that service of a copy thereof on the deponent should be made on or before the 5th day of January, some 18 days before the said order was granted; that a copy of the said order was served on him on January 26, 1909, one day after the time provided for by the original order; also an affidavit by one Mahoney, who swore that he was present and saw this order served, whereupon the order appealed from was entered. It recited that it was made at the Special Term presided over by the same justice who had granted the original order; that the original injunction order was vacated by the justice on the 29th day of January, 1909; that thereafter it had been made to appear to his satisfaction, by the affidavit of the plaintiffs' attorney, verified on the 8th day of February, 1909, that the order of January 29, 1909, was inadvertently made, whereupon on that day he made an order vacating the order of January 29, 1909, and reinstating the one made by him on January 23, 1909, and:

"Now, after hearing Marcus E. Joffe, attorney for the defendant, in support hereof, and Louis Cohen, attorney for the plaintiffs, in opposition hereto, it is ordered that the order made by me on the 8th day of February, 1909, be vacated and set aside, without costs."

The order thus vacated was the judge's order made on February 8, 1909, which order vacated the order that had vacated, or attempted to vacate the original injunction order made on January 23, 1909; and from this latter order the plaintiffs appealed.

The effect of the order appealed from was to vacate an irregular order made by a judge out of court, and which was ineffective for any purpose. It was not error to vacate an irregular order, and it does not appear that any one was aggrieved by the entry of an order vacating an irregular judge's order or that the substantial rights of the parties to the action were affected by it. It is apparent that this irregular practice could produce nothing but confusion. Orders of the court are to be treated seriously, granted only upon proper cause

shown, and under ordinary circumstances vacated only upon notice to those appearing in the action in which they are entered.

My conclusion is that the appeal from the order appealed from should be dismissed, without costs. All concur.